UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
WEBSTER DRUMMOND,                                          CV-19-3193 (WFK) (VMS)

                        Plaintiff,                              **DEFENDANTS'
                                                                         STATEMENT OF**
    -   against   -                                      **MATERIAL FACTS
                                                                         PURSUANT TO**
POLICE OFFICER ADRIAN LALLY,                               **LOCAL CIVIL RULE 56.1**
POLICE OFFICER CHRISTOPHER STONE,
DETECTIVE JASON GREEN,
POLICE OFFICER RAYMOND MACYGIN,
CORRECTION OFFICER JOSEPH OLLE, and
CORRECTION OFFICER JOSEPH ROTHSCHILD,

                        Defendants.
---------------------------------------------------------------------X

Defendants Police Officer Adrian Lally, Police Officer Christopher Stone, Detective Jason Green, Police Officer Raymond Macygin, Correction Officer Joseph Olle and Correction Officer Joseph Rothschild (hereinafter collectively referred to as the "County Defendants" or "Defendants"), by their attorney John B. Chiara, Acting Nassau County Attorney, by Brian M. Libert, Deputy County Attorney, hereby submits this statement of facts pursuant to Local Civil Rule 56.1 as to which Defendants contend there is no genuine issue of material fact to be tried.

1.     On or around October 24, 2018, Plaintiff Webster Drummond ("Plaintiff") was pulled over by members of the Nassau County Police Department. **Ex. C, P 1.**

2.     Although Officers have been identified and named as involved in this matter, those officers have not been deposed and, other than their name on the complaint, no information exists in this record relative to those officers. **Ex A.**

1

3. Further, Plaintiff alleges no specific act or misconduct leading to a constitutional or statutory violation by <u>any</u> County employee. **Ex A.**

4. Plaintiff alleges that the County Defendants "unlawfully detained" him beyond his "maxed out parole." **Ex. A[1].**

6. Plaintiff commenced the instant action in the United States District Court, Eastern District of New York by the filing the Complaint on October 20, 2020. **Ex. A.**

7. On November 6, 2020 the County interposed an answer. **Ex. B.**

8. On July 27, 2021, the Court issued an order certifying the case and setting forth a motion schedule. **Electronic Order Issued July 27, 2021.**

9. On October 24, 2018, Plaintiff was driving in Nassau County when he was pulled over for several motor-vehicle violations. **Ex. C at p. 1.**

10. Plaintiff was remanded to the Nassau County Correctional Center ("NCCC") at arraignment. **Ex C at p. 4**.

11. He returned to Court on October 29, 2018 at which time he pled guilty to two of five charges and was sentenced to time served. *Id.* **at p. 4.**

12. Plaintiff was not released from NCCC as of October 29, 2018, however, because there was still a New York State Parole Warrant against him. *Id.* **at p. 4-5**

13. The Parole Board obtained a Temporary Declaration of Delinquency which was retroactive to September 2017 which tolled his Parole. Accordingly, his Parole <u>did not expire</u> on September 24, 2018 as it was initially scheduled to, and Plaintiff owed an additional year following his 2018 arrest. *Id*. **at p. 21.**

---

[1] All references to exhibits shall mean the exhibits annexed to the Declaration of Brian M. Libert, Esq.

14. The Nassau County Sheriff's Department, Division of Corrections relied upon the records provided by the Parole Board which included, *inter alia*, a signed warrant, indicating that Plaintiff's Parole status was still active. *Id.* **at p. 21.**

15. Under the law, once Parole was notified that Plaintiff was incarcerated, they were required to serve Plaintiff with the appropriate paperwork to execute their Warrant within 3-5 days. *See NY Executive Law § 259-i(3) and described further in the accompanying memorandum of law*. Parole was unable to do so but never informed NCCC that they were cancelling the warrant. *Id.* **at p. 21.**

16. NCCC records reflect that Plaintiff filed a grievance on November 26, 2018 alleging that he was being held on an expired Parole Warrant. **Ex. C at p. 1**

17. NCCC records further reflect that County employees responded to Plaintiff's grievance by informing Drummond that this was an issue which he needed to clarify with Parole. **Ex. C at p. 15.**

18. Additionally, the following day -- November 27, 2018 -- NCCC contacted Parole and/or DOCCS and informed them that Plaintiff was still at NCCC and being held solely on the Parole Warrant. **Ex C. at p. 13**

19. As a result, Parole prepared the paperwork to cancel their Warrant on November 29, 2018, and the paperwork was signed on November 30, 2018. **Ex. C at p. 13.**

20. Plaintiff was released from custody on or about December 3, 2018. *Id*. **at p. 18.**

Dated: Mineola, New York
October 15, 2021

                                                  JOHN B. CHIARA
                                                  Acting Nassau County Attorney
                                                  Attorney for Defendants

By:   */S Brian M. Libert*
        Brian M. Libert
        Deputy County Attorney
        One West Street
        Mineola, New York 11501

To:   Webster Drummond (Via First-Class Mail)
        181-02 143rd Avenue
        Springfield Gardens, New York 11413
        Plaintiff *Pro Se*